UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DAVID MOORE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:14-CV-75 NAB ) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

The following opinion is intended to be the opinion of the Court judicially reviewing the denial of David Moore's application for supplemental security income ("SSI") under the Social Security Act. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 7.] The Court has reviewed the parties' briefs and the entire administrative record, including the hearing transcript and the medical evidence. The Court has now heard oral argument on the pleadings of the parties and the Court now issues its ruling in this opinion. Based on the following, the Court will affirm the Commissioner's decision.

**I.      Issues for Review**

Moore presents two issues for review. First, Moore states that the administrative law judge ("ALJ") erred in concluding that Moore's celiac disease was not a severe impairment. Second, Moore asserts that the ALJ's residual functional capacity assessment ("RFC") was not

supported by substantial evidence in the record as a whole. The Commissioner contends that the ALJ's decision was supported by substantial evidence in the record and should be affirmed.

## II.     Standard of Review

This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Therefore, even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the ALJ's decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). To determine whether the Commissioner's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole and to consider:

> (1) The findings of credibility made by the ALJ;
>
> (2) The education, background, work history, and age of the claimant;
>
> (3) The medical evidence given by the claimant's treating physicians;
>
> (4) The subjective complaints of pain and description of the claimant's physical activity and impairment;
>
> (5) The corroboration by third parties of the claimant's physical impairment;
>
> (6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and
>
> (7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980).

**III. Discussion**

    **A. Celiac Disease**

First, Moore contends that the ALJ should have found that his celiac disease[1] was a severe impairment. Moore states that he consistently sought attention for his abdominal pain and diarrhea and a biopsy revealed he suffered from celiac disease. Moore states that the ALJ failed to give any reasoning or point to specific evidence that his celiac disease was not severe. In her opinion, the ALJ stated that the evidence does not support that Moore's conditions of celiac disease, status-post adrenalectomy, and status- post right carpal tunnel syndrome, either singly or in combination, cause more than minimal functional limitations. (Tr. 11.) The ALJ also stated that the record does not demonstrate any secondary issue that would reasonably support functional limitations for those conditions. (Tr. 11.)

After the ALJ has determined that a claimant is not engaged in substantial gainful activity, the ALJ then determines whether the claimant has a severe impairment or combination of impairments that has or is expected to last twelve months or will result in death. 20 C.F.R. §§ 416.909, 416.920(a)(4)(i)-(ii). A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by the claimant's statement of symptoms. 20 C.F.R. § 416.908. To be considered severe, an impairment must significantly limit a claimant's ability to do basic work activities. *See* 20 C.F.R § 416.920(c). A claimant is not disabled if his impairments are not severe. *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do

---

[1] Celiac disease is a "malabsorption syndrome, thought to be hereditary, precipitated by ingestion of gluten-containing foods. It is characterized by degeneration of intestinal villi with loss of their absorptive function; diarrhea and steatorrhea; abdominal distention; flatulence; weight loss; asthenia; deficiency of vitamins B, D, and K; and electrolyte depletion." Dorland's Illustrated Medical Dictionary 530 (32nd edition 2011).

basic work activities." *Id.* at 707. Basic work activities mean the abilities and aptitudes necessary to do most jobs, including physical functions; capacities for seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. § 416.921(b). "Severity is not an onerous requirement for the claimant to meet, but it is also not a toothless standard." *Kirby*, 500 F.3d at 708 (internal citations omitted). "It is the claimant's burden to establish that his impairment or combination of impairments are severe." *Id.* at 707.

The Court has carefully reviewed the record in this action. Moore has not met his burden to prove that his celiac disease was a severe impairment. Moore's medical records show that that he received care for diarrhea and abdominal pain between October 3, 2011 and February 20, 2012. A biopsy completed on February 20, 2012, confirmed that he had celiac disease. (Tr. 431.) After his diagnosis, Moore testified at the administrative hearing that he cannot eat any kinds of bread or anything that has flour. (Tr. 40.) Moore also testified that he has loose stools if he eats something that does not agree with him and he has lost weight. (Tr. 40-41.) There is no record of any further treatment for celiac disease in the record[2]. There is also little evidence of any effect celiac disease would have on Moore's ability to perform basic work activities. Therefore, the Court finds that the ALJ's finding that Moore's celiac disease was not a severe impairment is supported by substantial evidence in the record as a whole.

### B. RFC Determination

Next, Moore contends that the ALJ's RFC determination is not supported by substantial evidence, because the ALJ had no evidence regarding Moore's ability to perform work related

---

[2] The record does show that Moore reported diarrhea and fecal incontinence at visits with his neurologist in June and August 2012. (Tr. 461, 464, 467.)

activities and she created the RFC assessment based on her own inferences. Moore contends that remand is required, because the ALJ failed to include limitations regarding Moore's ability to grip, grasp, handle, or finger in the RFC. The ALJ determined that Moore had the RFC to perform light work[3] with the following limitations: (1) a brief adjustment of position every hour; (2) occasional postural activities; (3) frequent bilateral overhead reaching; (4) no concentrated exposure to excessive vibration, pulmonary irritants, and hazards; (5) limited to routine and repetitive tasks; (6) limited to work that can be learned primarily through demonstration as opposed to written materials; and (7) allowance of being off-task approximately 5% of the workday due to pain. (Tr. 13.)

The RFC is defined as what the claimant can do despite his or her limitations, and includes an assessment of physical abilities and mental impairments. 20 C.F.R. § 416.945(a). The RFC is a function-by-function assessment of an individual's ability to do work related activities on a regular and continuing basis.[4] SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). It is the ALJ's responsibility to determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and the claimant's own descriptions of his limitations. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). "[T]he ALJ is not qualified to give a medical opinion but may rely on medical evidence in the record." *Wilcockson v. Astrue*, 540 F.3d 878, 881 (8th Cir. 2008). In making a disability determination, the ALJ shall "always consider the medical opinions in the case record together with the rest of the relevant

---

[3] Light work "involves lifting no more than 20 pounds at a time with frequent lifting and carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b).
[4] A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule. SSR 96-8p, 1996 WL 374184, at *1.

evidence in the record." 20 C.F.R. § 416.927(b); *see also Heino v. Astrue*, 578 F.3d 873, 879 (8th Cir. 2009).

The ALJ has a duty to fully develop the record. *Smith v. Barnhart*, 435 F.3d 926, 930 (8th Cir. 2006) (internal citation omitted). In some cases, this duty requires the ALJ to obtain additional medical evidence, such as a consultative examination of the claimant, before rendering a decision. *See* 20 C.F.R. § 416.1519a(b). "The ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011) Therefore, "[a]n ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). There is no bright line test for determining when the Commissioner has failed to develop the record and the determination is made on a case by case basis. *Battles v. Shalala*, 36 F.3d 43, 45 (8th Cir. 1994). The ultimate burden is on the claimant to establish his or her RFC. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004) (citing *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004)).

In this case, Moore has some restrictions in his functioning and ability to perform work related activities; however, he did not carry his burden to prove a more restrictive RFC determination. *See Pearsall*, 274 F.3d at 1217 (it is the claimant's burden, not the Social Security Commissioner's burden, to prove the claimant's RFC). First, the medical evidence does not support the inclusion of manipulative limitations regarding gripping, grasping, handling, or fingering. There is little medical evidence in the record to support Moore's subjective complaints of numbness and inability to grip in his right hand. There is a significant amount of evidence from his treatment records that demonstrate Moore typically had full strength in his

extremities and normal examinations, including full strength in his bilateral wrist flexors, wrist extensors, finger adductors, and finger abductors. (Tr. 390, 405, 410, 413, 434, 437, 443, 445, 462-463, 472, 481, 490, 528.) Second, because the RFC determination is based on the evidence in the record as a whole, the absence of a consultative examination, does not require reversal or remand. It is the claimant's burden to prove his RFC, so the claimant's failure to provide medical evidence about work related restrictions should not be held against the ALJ where there is medical evidence that supports the ALJ's decision. *Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008). The medical evidence in this case was fully developed. The ALJ properly relied upon the objective medical tests, treatment notes, medications, conservative treatment, and Moore's testimony in formulating the RFC determination. The ALJ's review of the medical record and her conclusions are supported by the evidence in the record as a whole. Therefore, the Court finds that the RFC determination is supported by substantial evidence and the Commissioner's decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that that the relief which Moore seeks in his Complaint and Brief in Support of Plaintiff's Complaint is **DENIED**. [Docs. 1, 12.]

**IT IS FURTHER ORDERED** that the Court will enter a separate judgment in favor of the Commissioner.

Dated this 5th day of May, 2015.

/s/ Nannette A. Baker             .
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE